IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Basil Morales,             Case No. 3:12 CV 1385

           Plaintiff,        MEMORANDUM OPINION
                                 AND ORDER
      -vs-
                                 JUDGE JACK ZOUHARY
Mike DeWine,

           Defendant.

*Pro se* Plaintiff Basil Morales filed this action under 42 U.S.C. § 1983 against Ohio Attorney General Mike DeWine (Doc. 1). Plaintiff challenges his 2007 convictions of felonious assault and having a weapon under disability in the Lucas County Court of Common Pleas. He seeks reversal of his convictions and an order for a new trial.

Plaintiff claims he was denied a fair trial on May 22, 2007. He contends his Sixth Amendment right to confront witnesses was violated and he was denied due process as a result of prosecutorial misconduct. He further indicates that he requested a mistrial, but his request was denied. Plaintiff asks this Court to vacate his conviction and order the State to conduct a new trial.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2). A claim

lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to plaintiff and without service of process on defendant, if the court explicitly states that it is invoking Section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. Further, in reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### DISCUSSION

This is the third Section 1983 action Plaintiff has filed to challenge his 2007 convictions. The first case, *Morales v. State of Ohio*, No. 3:09 CV 2222 (N.D. Ohio 2009) (Zouhary, J.), was filed in September 2009. In that case, Plaintiff alleged the prosecutor engaged in prejudicial

misconduct when he used the testimony of the victim's mother during Plaintiff's 2007 criminal trial, and that doing so denied him due process. He also alleged that the prosecutor's statements during closing argument were improper, and that a mistrial should have been declared. He asked this Court to reverse his conviction on the grounds of prosecutorial misconduct and ineffective assistance of trial counsel. This Court dismissed the action *sua sponte* pursuant to 28 U.S.C. § 1915A in October 2009 and, in an Order, informed Plaintiff that he could not challenge his conviction in a civil rights action -- a habeas corpus petition was the sole vehicle for such a claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff appealed that decision in February 2010, and the Sixth Circuit dismissed the appeal as untimely.

Plaintiff filed a second action, *Morales v. Ohio State Attorney General*, No. 3:10 CV 1541 (N.D. Ohio 2010) (Zouhary, J.), in July 2010, once again challenging his 2007 convictions. Again, he asserted he was denied the right to confront witnesses at his 2007 trial. He claimed the prosecutor committed misconduct and made several inappropriate comments during his closing argument. Plaintiff stated he should have been granted a mistrial, and asked this Court to provide him with an evidentiary hearing on the validity of his conviction.

That action was also dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A in September 2010. This Court determined, once again, Plaintiff was challenging the validity of his conviction, which he could do only through a petition for a writ of habeas corpus. *See Preiser*, 411 U.S. at 500. Plaintiff did not appeal that decision.

Plaintiff now files this third action based on the same facts, and asserting the same claims for relief. Once again, he claims he was denied the right to confront witnesses and alleges the prosecutor engaged in acts of misconduct. He indicates his request for a mistrial was denied and asks for reversal of his conviction.

3

The doctrine of *res judicata* precludes a party receiving a final judgment on the merits of a claim from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660–61 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the court and every issue or defense that should have or could have been raised in the previous action. *Id*. This promotes the finality of judgments, discourages multiple litigation, and conserves judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

A subsequent action will be subject to *res judicata* only if the facts supporting the claims and the evidence necessary to sustain each action are the same. *Id*. Both requirements for *res judicata* are met in this case. As discussed above, Plaintiff raised the same claims for relief in two prior actions in this Court. Plaintiff is not entitled to three bites at the apple.

This Court is very tolerant of legal filings from *pro se* litigants. It will not, however, permit any litigant to use this Court's resources to review questions it has repeatedly addressed. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* at 1074. To achieve these ends, the Sixth Circuit has approved requiring vexatious and harassing litigants to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, 1995 WL 111480, at *3 (6th Cir.1995). Plaintiff is cautioned that continued efforts to file patently frivolous and redundant actions may result in sanctions being issued against him.

## CONCLUSION

Accordingly, pursuant to 28 U.S.C. § 1915(e), Plaintiff's Complaint (Doc. 1) is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                                                                                        s/ *Jack Zouhary*
                                                                                                                        JACK ZOUHARY
                                                                                                                        U. S. DISTRICT JUDGE

                                                                                                                        October 30, 2012